By the Court.
This action was one brought in the court of common pleas of Jefferson county, Ohio, by the prosecuting attorney, in the name of the state, against May Wind and others, for abatement of a nuisance, particularized as the maintenance of a place, or house, where prostitution is permitted and conducted by her, and to which persons resort for the purpose of prostitution.
The petition prayed for a permanent injunction to effect such purpose.
The proceeding was brought and a remedy sought under an act of the legislature passed March 21, 1917 (107 Ohio Laws, 514), now Sections 6212-1 to 6212-12, inclusive, General Code.
Upon final hearing the court of common pleas found for the state, and ordered the premises permanently closed against use for any purpose of lewdness, assignation, or prostitution.
*63 Subsequently, upon information through the prosecuting attorney, it appeared that this defendant had violated the order of the court, and an attachment for contempt was issued, which upon hearing resulted in a finding of guilty, followed by a judgment of confinement in the county jail for such contempt. The court of appeals affirmed the judgment.
The appropriateness and regularity of the proceedings are in no wise assailed, and the only question contended for in this court is that because the act of the legislature permits, as it did in this case, guilt to be determined and imprisonment to be imposed without the intervention of a jury, such legislative act is therefore unconstitutional under Section S, Article I of the Constitution of Ohio.
The authority of the legislature to enact laws regulatory in nature, to provide for the safety and health, and to promote the good morals of the public, is fundamental, and the authority of the courts to enforce these regulations is equally well established. Therefore, in this case, the authority of the court to order the abatement of the nuisance may not be questioned.
The keeping of a house of prostitution is by Section 13031, General Code, made an offense under the criminal statutes, and that section provides punishment for so doing. But this order of abatement is not the punishment for that or any other offense under the criminal statutes. It is rather an order for the removal of the thing, or closing of the business, that is obnoxious to the public.
*64 The power of a court to enforce its own proper orders is fundamental and inherent, as well as constitutional; necessarily so, to give it standing and afford respect and obedience to its judgment. This is upon the broad ground of public policy, and without which power the judicial edifice would fall. An order of abatement in a proper case, such as this, is a proper order, and enforceable in the ordinary way. Miller v. State, 3 Ohio St., 475.
The section of the act in question, therefore, providing for the method of enforcement by proceedings in contempt, and imposing fine and imprisonment in case of guilt, is merely enacting or re-enacting into this particular law something that already belonged to the court fundamentally and inherently.

Judgment affirmed.

Marshall, C. J., Johnson, Hough, Wanamaicer, Robinson, Jones and Matthias, JJ., concur.